UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| KAHRAH WILLIAMS, | ) ) ) | |
| Plaintiff, | ) ) | Civil No. 3:23-cv-00032-GFVT |
| v. | ) ) ) | |
| DOMINION FRANKFORT, LLC, *et al.*, | ) ) ) | **MEMORANDUM OPINION & ORDER** |
| Defendants. | ) ) ) | |

*** *** *** ***

This matter is before the Court on Defendant's Motion for Partial Dismissal for Failure to State a Claim. [R. 12.] Specifically, Dominion Frankfort, LLC and Dominion Senior Living, LLC (together referred to as "Dominion") argue that Count VI of Kahrah Williams's Complaint should be dismissed because Ms. Williams fails to allege facts that would constitute a *prima facie* action for interference with her rights under the Family Medical Leave Act ("FMLA"). *Id*. For the reasons that follow, Dominion's motion will be **GRANTED**.

**I**

Kahrah Williams's Complaint alleges twelve causes of action against Defendants Dominion Frankfort, LLC and Dominion Senior Living, LLC. The relevant facts for Claim VI, which is the sole claim at issue at this juncture, are as follows. In 2020, Ms. Williams began working as a part-time receptionist at Dominion Senior Living in Frankfort, Kentucky. [R. 1-1 at 13-14.] At the time that she was hired, Ms. Williams suffered from end-stage renal disease, which required dialysis treatment on a regular basis. *Id.* at 14-15. Eventually, in August 2021[1],

---

[1] Ms. Williams's Complaint dates this promotion as August 11, 2023. [*See* R. 1-1 at 15.] Given the date that this action was filed, and context gleaned from the Complaint, the Court surmises that Ms. Williams's promotion to

she was promoted to the position of Business Office Manager. *Id*. at 15. In September 2022, Ms. Williams was informed that a kidney for a transplant had been identified. *Id*. at 22. Consequently, Ms. Williams applied for leave under the FMLA, which Dominion approved. *Id*. Ms. Williams's approved leave spanned from about September 9, 2022 until December 9, 2022. *Id*. Following a successful kidney transplant during her leave, Ms. Williams eventually returned to her position as Business Office Manager on December 12, 2022. *Id*.

On January 30, 2023, Dominion informed Ms. Williams that her position of Business Office Manager, and consequently her employment, were being terminated. *Id*. Dominion offered Ms. Williams a different position at Dominion's Florence, Kentucky location, but conditioned the promotion on Ms. Williams's immediate relocation to Florence. *Id*. at 23. The next day, Dominion rescinded Ms. Williams's new offer. *Id*. Ms. Williams was definitively terminated on February 3, 2023. *Id*. at 24. After exhausting her administrative remedies, Ms. Williams filed this action in Franklin Circuit Court. Dominion subsequently removed this action to this District, invoking this Court's jurisdiction pursuant to 28 U.S.C. § 1331. The Court turns now to Dominion's Motion for Partial Dismissal.

## II

### A

In reviewing a Rule 12(b)(6) motion, the Court "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] its allegations as true, and draw[s] all inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Id*. (quoting *Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000)). The

---

Business Office Manager actually occurred during August 2021, although there are also indications that the correct date may be August 2022.

Supreme Court explained that in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Moreover, the facts that are pled must rise to the level of plausibility, not just possibility. *See id.* ("[F]acts that are merely consistent with a defendant's liability . . . stop[] short of the line between possibility and plausibility.")  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 663.

Here, Ms. Williams alleges in Count VI of her complaint that Dominion failed to protect her employment and benefits, which consequently constitutes a violation of the FMLA. [R. 1-1 at 35.] Ms. Williams states that "Dominion apparently restored the Plaintiff to the position of employment she held prior to commencement of her leave, but only for a brief duration of less than two months." *Id*. at 35.  Thus, argues Ms. Williams, Dominion's "apparent" restoration of her former employment was a "sham" because, as Ms. Williams believes, Dominion "intended to terminate [Ms. Williams's] employment." *Id*. at 36.  According to Ms. Williams, Dominion's failure to actually and meaningfully restore her to her position of employment, or to an equivalent position upon her return from medical leave, violated the FMLA. *Id*.  Dominion argues that, even accepting these factual allegations as true, Count VI of Ms. Williams's complaint "has not, and cannot, state a claim for FMLA interference." [R. 13 at 1.]

**B**

The FMLA provides eligible employees with the right to take up to 12 weeks of leave per year when the employee suffers from a "serious health condition that makes the employee unable

to perform the functions" of her job. 29 U.S.C. § 2612(a)(1)(D). The Sixth Circuit recognizes two distinct theories for recovery under the FMLA: (1) the "interference" theory and (2) the "retaliation" theory. *Hrdlicka v. GM LLC*, 63 F.4th 555, 572 (6th Cir. 2023). Ms. Williams invokes both theories of recovery in her complaint, but Count VI specifically alleges that Dominion violated Ms. Williams's FMLA rights under an interference theory. [*See* R. 1-1 at 35-36.]

"The interference theory applies when an employer attempts to 'interfere with, restrain, or deny the exercise of or the attempt to exercise' any FMLA leave rights." *Hrdlicka*, 63 F.4th at 572 (quoting 29 U.S.C. § 2615(a)(1)). "To establish a prima facie case of FMLA interference, an employee must show (1) she was an eligible employee; (2) the defendant was an employer as defined under the FMLA; (3) the employee was entitled to leave under the FMLA; (4) the employee gave the employer notice of her intention to take leave; and (5) the employer denied the employee FMLA benefits to which she was entitled." *Id*. (internal citations and quotations omitted).

Dominion argues that Ms. Williams's complaint should be dismissed because Ms. Williams "has not alleged that she was denied any benefits under the FMLA to which she was entitled or that [Dominion] otherwise interfered with her entitlement to leave and reinstatement." [R. 13 at 3.] According to Dominion, Ms. Williams's complaint admits that "(i) [Ms. Williams] requested FMLA leave; (ii) [Dominion] approved her request for FMLA leave; (iii) [Ms. Williams] received the full amount of FMLA leave that she requested; (iv) [Ms. Williams] was reinstated to her same position immediately following completion of her FMLA leave; and (v) Ms. Williams remained in that position for approximately two months following reinstatement." *Id*. In other words, Ms. Williams "admits that she requested and received her full entitlement of

FMLA leave and was immediately reinstated to her same position following completion of her FMLA leave." *Id*. at 4. Thus, says Dominion, no FMLA violation occurred. Moreover, argues Dominion, Ms. Williams's contention that her two-month reinstatement was a "sham" cannot support a claim for FMLA interference because the Sixth Circuit has rejected that the FMLA contains an implied right to reinstatement for a specific period of time. *Id*. at 3.

Ms. Williams argues that she is entitled to recovery under the FMLA's interference theory because her short period of reinstatement was "illusory." [R. 15 at 3.] In support, Ms. Williams cites case law from other circuits that recognize a cognizable FMLA interference claim where the period of reinstatement was perversely short, and where the plaintiff's termination was a foregone conclusion. *Id*. Here, Ms. Williams "reasonably expects that after taking discovery herein, the evidence may demonstrate that her restoration to her prior position of employment was illusory, and that her termination was a 'foregone conclusion.'" *Id*. Thus, according to Ms. Williams, she has pled a cognizable FMLA interference claim because her complaint expressly alleged that Dominion "did not intend to leave [Ms. Williams] in the position of employment she enjoyed prior to the commencement of her leave" and that her "apparent restoration" was a sham. *Id*. at 3-4.

Despite finding support for her "foregone conclusion" theory of FMLA interference recovery in other circuits, Ms. Williams cites no precedent suggesting that such a theory of recovery has been recognized by the Sixth Circuit. The facts, as Ms. Williams alleges them to be in her complaint, indicate that Dominion afforded her leave pursuant to the FMLA, and then subsequently reinstated her into her previous position of employment. "The issue is simply whether the employer provided its employee the entitlements set forth in the FMLA- for example, a twelve-week leave or reinstatement after taking a medical leave." *Arban v. West*

5

*Publ'g Corp.*, 345 F.3d 390, 401 (6th Cir. 2003) (internal citation omitted). Because Ms. Williams was not denied 12-week leave nor reinstatement to her position, she has failed to meet her burden of establishing a prima facie case. The fact that Ms. Williams was terminated just two months later does not give rise to an FMLA interference claim. *See Jackson v. Regal Beloit Am., Inc.*, No. 16-134-DLB-CJS, 2018 U.S. Dist. LEXIS 103682 at *36 (E.D. Ky. June 21, 2018) (citing *Seeger v. Cincinnati Bell Tel. Co., LLC*, 681 F.3d 274, 283 (6th Cir. 2012) (where a plaintiff who was reinstated and resumed a normal work routine until he was terminated just three weeks after reinstatement had not made out an FMLA interference claim) (string cite omitted)). Ms. Williams's allegations that Dominion took adverse employment actions against her after she had been reinstated are more properly analyzed under the "retaliation" theory asserted in Count VII of her complaint.

### III

For the foregoing reasons, the Court finds that Ms. Williams failed to plead sufficient facts to state a claim for relief under the FMLA's interference theory. Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Defendants' Motion for Partial Dismissal [**R. 12**] is **GRANTED**; and
2. **Count VI** of Kahrah Williams's Complaint is **DISMISSED without prejudice**.

This the 27th day of February 2024.



Gregory F. Van Tatenhove
United States District Judge